IN THE COMMON PLEAS COURT IN AND FOR CLARK COUNTY, OHIO
GENERAL DIVISION

2022 APR -5 AM 11: 56

MELISSA M. TUTTLE CLERK
COMMON PLEAS COURT
CLARK COUNTY, OHIO

**HILL APARTMENTS OF SPRINGFIELD, LLC**
1421 Faux Satin Drive
Springfield, OH 45504

Plaintiff,

**'22 CVU 135**

**COMPLAINT AND JURY DEMAND**

v.

**STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**
518 E. Broad St.
Columbus, Ohio 43216

Defendant,

---

Comes now, the Plaintiff, HILL APARTMENTS OF SPRINGFIELD, LLC, ("Plaintiff" or the "insured"), by and through undersigned counsel, and for this cause of action against Defendant, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY ("Defendant" or the "insurer"), states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times, Plaintiff was a limited liability company, duly organized and existing under the laws of Ohio, with control and ownership over multiple apartment units and real property, all at various locations on 1421 Faux Satin Drive, Springfield, OH 45504 (the "Properties.").

2. At all relevant times, Defendant, also known as, doing business as, and acting by and through one or more of its fictious entities named above, was and is a registered insurance

company organized and existing under the laws of Ohio that was duly authorized to provide insurance and did provide insurance in this state and within this county.

3. At all relevant times, Plaintiff was the named insured under a property insurance policy ("Policy") issued and delivered in this state and county by Defendant with a policy number PBP 2547563 11, with coverage for the Properties being effective at all relevant times. The Policy covers, *inter alia,* structures and other property located at the aforesaid locations. Per Oh. Civ. R. 10(D)(1) a copy of the Policy is not attached as an exhibit because it is voluminous in nature and already in the possession of the Defendant.

4. As a result of the actions of Defendant, Plaintiff has obligated itself to pay reasonable attorneys' fees and costs to bring this action.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ORDER OF APPRAISAL

5. As and for this Cause of Action, Plaintiff incorporates by reference all allegations and averments above, including paragraphs one (1) through four (4), as if fully restated herein.

6. At all relevant times Plaintiff duly paid all premiums due under the Policy.

7. On or about April 7, 2020, Plaintiff sustained a covered physical loss and damages to the Property due to a windstorm/hailstorm.

8. Plaintiff reported the loss to Defendant on a timely basis and thereafter complied with all reasonable terms and conditions of the Policy, including all conditions precedent, or said conditions precedent have been waived by Defendant.

9. Plaintiff has provided Defendant with detailed estimates for said loss and damages.

10. Defendant assigned Claim Number PR-0000000-370271 to this loss, claims to have investigated this loss, and has acknowledged this loss, but has claimed that the loss and damages sustained are not covered and/or does not exceed the Policy deductible.

11. A dispute has arisen between the parties hereto as to the amount of loss sustained.

12. Now that the Property has been damaged and is in need of repair, Defendant refuses to fully indemnify Plaintiff for said loss and damages, and/or to determine the proper scope of the damages, which is resulting in further and continuing loss(es), damage(s) and deterioration.

13. On or about January 21, 2022, Plaintiff made a written demand that Defendant participate in the appraisal process outlined in the Policy to resolve the dispute over the amount of loss.

14. On or about February 6, 2022, Defendant rejected that demand and/or effectively denied the same by placing unreasonable restrictions on the scope of appraisal based on their unilateral interpretation of the Policy terms.

15. Under the clear terms of the Policy, the parties agreed to appraisal to resolve this dispute, but Defendant refuses and alleges that the appraisal process has no application to the facts of this case.

16. The Policy states, in pertinent part:

**Appraisal**

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit

their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1) Pay its chosen appraiser; and

2) Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

*Exhibit A -- Policy, Page 9.*

17. As appears from the above, a real, justiciable controversy exists between the parties as the appraisal process has broken down and the only option to continue the appraisal process is for this Court to declare that the parties shall be so ordered.

18. Plaintiff has a right to appraisal under the Policy, the parties have agreed to appraisal, but the actions and inactions of Defendant and its agents have led to a breakdown in the appraisal process, which has resulted in a denial or *de facto* denial to Plaintiff of the full rights to appraisal contained in the Policy.

19. Speedy relief is necessary to preserve the rights of the parties, that is, the right to a functioning appraisal process.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

20. As and for this Cause of Action, Plaintiff incorporates by reference all allegations and averments above, including paragraphs one (1) through nineteen (19), as if fully restated herein.

21. Alternatively, it is alleged that Defendant has breached the Policy by not extending full coverage, failing to properly adjust this claim, failing to investigate and/or determine the full scope of damages, and by not paying reasonable and full compensation to Plaintiff for this loss under the Policy.

22. The breach by Defendant is ongoing, material and without justification.

23. Plaintiff has been damaged by Defendant's breach of contract and is sustaining ongoing and continuing monetary damages.

**WHEREFORE,** on the First Cause of Action, Plaintiff prays for an Order of Declaratory Judgment to determine the Plaintiff's rights and the responsibilities owed by Defendant under the provisions of the Policy, specifically finding that Plaintiff has a right to the appraisal process, and that Defendant must fully and fairly participate in the same in good faith; Alternatively, on the Second Cause of Action, Plaintiff prays for a monetary judgment against Defendant, as and for its damages for breach of contract, for an amount which is fair and reasonable, and consistent with the terms of the Policy and the applicable law, in excess of Twenty Five Thousand Dollars ($25,000.00); Plaintiff further prays for such other relief to which it may be entitled, whether at law or in equity, including an award for reasonable attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

MEAGAN L. TATE, ESQ. (0086772)
LAWRENCE & ASSOCIATES
50 E. Business Way, Suite 110
Cincinnati, OH 45241
Ph: (513) 351-5997
Fax: (859) 371-5991
meagan.tate@lawrencelaws.com
*Counsel for Plaintiff*