IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HILL APARTMENTS OF SPRINGFIELD, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE AUTO PROPERTY AND CASUALTY INSURANCE CO., <br><br> Defendant. | : <br> : Case No. 3:22-cv-00191 <br> : <br> : District Judge Thomas M. Rose <br> : Magistrate Judge Caroline H. Gentry <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER APPOINTING UMPIRE

This action arises from an insurance policy ("the Policy") between Plaintiff, an apartment complex, and Defendant, an insurance provider. (Complaint, ECF No. 1-3.) The parties dispute the amount of damages resulting from a windstorm and hailstorm that hit Plaintiffs' insured properties in April 2020. (*Id*. at PageID 266–67.)

Although the parties cite to slightly different language (*compare* Defendants' Petition to Appoint an Umpire, ECF No. 16, PageID 542, *with* Plaintiff's Motion to Appoint Neutral Umpire, ECF No. 17, PageID 786), they agree that the Policy provides that if there is a disagreement as to the amount of loss suffered by Plaintiff, then either party may demand an appraisal. (*Id*.) Each party must appoint an independent appraiser and those appraisers must, in turn, select "a competent, impartial umpire" who will act as a tie-breaker if the appraisers reach different conclusions. (ECF No. 16, PageID 542–44; ECF No. 17, PageID 786.) The Policy further provides that, if the appraisers are unable to

1

agree upon an umpire within fifteen days, then either party may petition an appropriate court[1] to select the umpire. (*Id.*)

Both parties represent that they have each appointed an appraiser and that their appraisers are unable to agree on an umpire. (ECF No. 16, PageID 544; ECF No. 17, PageID 786.) Pursuant to the terms of the Policy, therefore, each party asks the Court to select the umpire for them. (*Id.*) Following in the footsteps of others in this Circuit, *e.g.*, *James Hamilton Props., LLC v. Great Midwest Ins. Co.*, 2022 WL 2071049 (E.D. Ky. 2022), this Court sees no impediment to making such an appointment. *See Cincinnati Specialty Underwriters Ins. Co. v. C.F.L.P. 1, LLC*, 741 Fed. Appx. 318 (6th Cir. 2018) (upholding District Court's appointment of an umpire pursuant to an insurance policy). The question before the Court, therefore, is simply who to appoint.

Plaintiffs propose five candidates (ECF No. 17, PageID 787), and Defendants propose four (ECF No. 16, PageID 544). Both parties have provided the Court with the CVs/résumés of their proposed candidates. (ECF No. 16-2–16-5; ECF No. 17-1–17-5.) In addition, Plaintiff has briefed the Court on the qualifications of its proposed candidates. (ECF No. 17, PageID 791–95.) The parties are clearly aware of each other's proposals (*see* ECF No. 16, PageID 544), and neither side has raised any objection.

The Court has reviewed the qualifications of each of the proposed candidates. Upon consideration, the Court finds that, in light of his extensive familiarity with both

---

[1] The language cited by Defendant specifies "a judge of a court of record in the state where the property [is] located". (ECF No. 16, PageID 543.) The language cited by Plaintiff specifies "a judge of a court having jurisdiction." (ECF No. 17, PageID 786.) Because this Court meets both requirements, the distinction between the two is, for purposes of this litigation, academic.

wind and hail damage, as well as his previous experience as an umpire, Mr. Richard Collins is most well-suited to this role. The Court therefore **ORDERS** as follows:

1) Defendant's Petition to Appoint an Umpire (ECF No. 16) is **GRANTED**.

2) Plaintiff's Motion to Appoint Neutral Umpire (ECF No. 17) is **GRANTED**.

3) Richard R. Collins II is **APPOINTED** as a neutral umpire in this matter, pursuant to the terms of the Policy. The Clerk is **DIRECTED** to serve a copy of this Order upon Mr. Collins at the address provided in his curriculum vitae (ECF No. 17-1). The parties shall make such arrangements as necessary to facilitate Mr. Collins' execution of his role as umpire.

4) The parties are **ORDERED** to file a joint status report every ninety (90) days until the appraisal process is complete as prescribed by the Policy. The parties are further **ORDERED** to notify the Court no later than fourteen (14) days following the completion of the appraisal process as prescribed by the Policy.

**IT IS SO ORDERED**.

 /s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or

part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4