IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HILL APARTMENTS OF SPRINGFIELD, LLC, | : : : | Case No. 3:22-cv-00191 |
| Plaintiff, | : : | District Judge Thomas M. Rose<br>Magistrate Judge Caroline H. Gentry |
| vs. | : : | |
| STATE AUTO PROP. & CAS. INS. CO., | : : : | |
| Defendant. | : | |

# OPINION AND ORDER

This dispute involves the amount of damages to Plaintiff's insured properties that were caused by an April 2020 storm. Under the terms of the applicable insurance policy, the parties are engaged in an appraisal process. This matter comes before the Court to address Defendant's Motion to Suspend Appraisal (Doc. No. 22), which seeks an order directing the Court-appointed umpire to temporarily halt the appraisal process.

In its Motion, Defendant states that Plaintiff has provided a new sworn proof of loss (Doc. No. 22-2) that estimates losses in an amount nearly ten times greater than the amount originally claimed. (Doc. No. 22, PageID 837.) Defendant intends to examine Plaintiff's corporate representative under oath regarding the new proof of loss and asserts that it will be prejudiced if the appraisal continues during this time. Defendant therefore requests "an Order to suspend the appraisal process[] to allow Defendant sufficient time to investigate the basis of Plaintiff's newly submitted claim." (*Id*. at PageID 837-38.)

1

Plaintiff raises multiple arguments in opposition to the Motion, including that this Court lacks the authority to suspend the appraisal process. (Doc. No. 23, PageID 858-59.) The Court agrees.

As Plaintiff notes, the sole case cited by Defendant in support of its Motion, *Yaldo v. Allstate Prop. & Cas. Ins. Co.*, 641 F. Supp. 2d 644 (E.D. Mich. 2009), is inapposite. In *Yaldo*, the court held that "no party may unilaterally withdraw" from a fire-insurance appraisal policy mandated by a Michigan statute. That holding has no bearing on the facts of this case. Moreover, the Court is unaware of any authority that permits it to suspend the application of binding contractual obligations upon the request of one of the parties. *See, e.g., Pointe Estero Condo. Ass'n v. Landmark Am. Ins. Co.*, No. 2:22-cv-679, 2023 WL 6519523 (M.D. Fla. Sept. 27, 2023) (declining to suspend appraisal on the basis of a discrepancy in plaintiff's sworn statement of loss and noting that a federal court cannot grant equitable and injunctive relief absent a showing of irreparable harm).

Furthermore, even if this Court could suspend the appraisal in this case, Defendant has not explained why a suspension is necessary. Defendant states only that it is seeking leave "to conduct an examination under oath of Plaintiff" and "to enforce its contractual rights under the insurance policy." (Doc. No. 22, PageID 838.) But Defendant does not explain how the continued work of the appraisers and appointed umpire will adversely impact its ability to examine Plaintiff's corporate representative. As Plaintiff observes, "an examination under oath may proceed simultaneously with the appraisal process." (Doc. No. 23, PageID 860.)

For these reasons, the Court finds that Defendant's Motion to Suspend Appraisal (Doc. No. 22) is not well-taken. Accordingly, that Motion is **DENIED**.

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4