UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| HILL APARTMENTS OF SPRINGFIELD, LLC, | : : : : : : : : : : : |
| Plaintiff, | |
| v. | |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Case No. 3:22-cv-191

Judge Thomas M. Rose

Magistrate Judge Caroline H. Gentry

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DENIAL OF ITS MOTION TO SUSPEND APPRAISAL (DOC. NO. 28)**

---

This insurance dispute is currently before the Court on Defendant's Motion to Reconsider Denial of its Motion to Suspend Appraisal (the "Motion") (Doc. No. 28).  On January 5, 2024, Plaintiff Hill Apartments of Springfield, LLC (the "Plaintiff") timely filed its response in opposition to the Motion (the "Response") (Doc. No. 29), and on January 10, 2024, Defendant State Auto Property and Casualty Insurance Company (the "Defendant") filed its Reply (Doc. No. 30).  The Motion is accordingly ripe for review and decision.  For the reasons discussed herein, the Court **DENIES** Defendant's Motion.

This case stems from an insurance claim made by Plaintiff under a policy purchased from Defendant.  (*See* Doc. No. 3 at PageID 281.)  Plaintiff submitted to Defendant a sworn statement in proof of loss in accordance with Plaintiff's insurance policy prior to bringing the instant action. (Doc. No. 22-1 at PageID 840.)  The Parties subsequently agreed that Plaintiff's loss was at least partially covered under the policy, but disagreed as to the monetary value of Plaintiff's claimed loss.  (Doc. No. 1-2 at PageID 245.)

1

As provided in the Parties' insurance agreement, Plaintiff brought this action seeking, in part, a court-facilitated appraisal for the value of its insurance claim. (Doc. No. 3 at PageID 281-83.) After some initial proceedings, the Parties chose their respective appraisers and the Court stayed this litigation pending appraisal. (Doc. No. 14.) When the Parties' appraisers reached an impasse, the Court appointed a neutral umpire to oversee the appraisal in this case, per the terms of the insurance policy at issue. (Doc. No. 18.) This appraisal process is still ongoing.

On October 3, 2023, Plaintiff submitted to Defendant an amended sworn statement in proof of loss reflecting a nearly tenfold increase in the amount of loss claimed under the policy. (Doc. No. 22-2 at PageID 843-44.) Although the amount of Plaintiff's claimed loss was increased in the amended sworn statement in proof of loss, the Court can find no evidence to suggest that the substantive nature and circumstances of Plaintiff's claimed loss differs from the loss claimed in Plaintiff's original sworn statement. Within the month, Defendant filed its Motion to Suspend Appraisal. (Doc. No. 22.) In short, Defendant sought to pause the appraisal process in this case so that it might "investigate the basis of Plaintiff's newly submitted claim." (Doc. Nos. 22 at PageID 839; 28 at PageID 880.) In particular, Defendant stresses the importance of conducting an examination of Plaintiff's corporate representative under oath. (Doc. Nos. 22 at PageID 838; Doc. No. 28 at PageID 878.) After considering the Parties' arguments, Magistrate Judge Caroline H. Gentry issued an Opinion and Order (Doc. No. 25) denying Defendant's Motion to Suspend Appraisal (Doc. No. 22).

Defendant has filed the current Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). (Doc. No. 28 at PageID 877.) Defendant again broadly argues to suspend the appraisal in this case. (*Id.* at PageID 878-79.) Though, more pertinently, Defendant contends that Magistrate Judge Gentry's decision to not suspend the appraisal here is contrary to law. (*Id.* at

PageID 877.)  To this end, Defendant submits that Magistrate Judge Gentry "reached a decision without considering the law and argument contained in [Defendant's] reply in support of its motion."  (*Id.*)

Parties may generally seek reconsideration of a magistrate judge's decision if that decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  Under the contrary to law standard, a magistrate judge's "[l]egal conclusions should be modified or set aside if they contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Bradford v. Team Pizza, Inc.* 568 F. Supp. 3d 877, 879 (S.D. Ohio 2021) (internal citations and quotation marks omitted).  For all intents and purposes, the term "applicable precepts of law" simply refers to *relevant* legal authorities.  *McClean v. Ogemaw Cnty.*, 642 F. Supp. 3d 616, 618 (E.D. Mich. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).  Notably, where a party contends that a magistrate judge's non-dispositive decision is contrary to law, as in the case at bar, courts do not review the magistrate's decision *de novo*.  *Gresham v. Corr. Med. Serv., Inc.*, No. 1:09-cv-392, 2010 U.S. Dist. LEXIS 87782, at *8, 2010 WL 3385355, at *2 (W.D. Mich. Aug. 25, 2010).  Instead, the standard under such circumstances is "necessarily deferential" to the magistrate judge.  *Id.* (internal citations and quotation marks omitted).

In the instant case, the Court finds that Magistrate Judge Gentry's decision regarding Defendant's request to suspend appraisal is wholly consistent with the law.  That Magistrate Judge Gentry did not cite to the case law provided in Defendant's reply in support of its motion is inconsequential.  Per Defendant's synopsis there—and in the instant Motion—Defendant's cited case law essentially stands for the proposition that an insured must fully cooperate with their insurer's investigative efforts to recover under an insurance policy.  (Doc. No. 28 at PageID 879.)

However, none of the cases cited by Defendant actually support the request made here. Recall that Defendant seeks to suspend the appraisal process, not compel Plaintiff's corporate representative to submit to an examination under oath. Moreover, Plaintiff has in-fact agreed to have its corporate representative examined under oath by Defendant. Put plainly, Magistrate Judge Gentry did not need to cite to the case law provided in Defendant's reply because that case law was irrelevant to the issue at hand. The Court finds that Magistrate Judge Gentry did consider all relevant law.

Therefore, Defendant's Motion to Reconsider Denial of its Motion to Suspend Appraisal (Doc. No. 28) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 19, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
